IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT W. RINGE                                                                                    PLAINTIFF

v.                                              CIVIL NO. 3:25-cv-03019

FRANK BISIGNANO, Commissioner                                                          DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Robert W. Ringe, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

Plaintiff protectively filed his applications for DIB and SSI on April 27, 2022. (Tr. 13). In his applications, Plaintiff alleged disability beginning on June 1, 2021, due to vision problems, a broken back, seizure disorder, traumatic brain injury, hearing loss in his right ear, speech impairment, high cholesterol, high blood pressure, and depression. (Tr. 13, 328). An administrative hearing was held via telephone on January 25, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 34–63). A vocational expert ("VE") also testified. *Id*.

On February 14, 2024, the ALJ issued an unfavorable decision. (Tr. 10–28). The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2026.

(Tr. 15). The ALJ found Plaintiff had the following severe impairments: compression fracture of the lumbar and thoracic spines, degenerative disc disease of the lumbar spine, residual effects of post lateral meniscal repair and anterior cruciate ligament repair-right knee, hypertension, obesity and seizure disorder. (Tr. 15–18). The ALJ considered Plaintiff's allegations of IBS, vision impairments, right ear hearing loss, and speech impairment and found that these were not medically determinable impairments. (Tr. 16). The ALJ found that Plaintiff's high cholesterol, gastroesophageal reflux disease, anxiety, depression, and MRI evidence of a chronic cortical infarction in the right temporal lobe were not severe impairments. *Id*. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18–19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is also limited to occasional climbing of ramps and stairs; and the claimant should never climb ladders, ropes or scaffolds. The claimant is limited to occasional balancing, stooping, kneeling and crouching; and the claimant should never crawl. The claimant is also limited to occasional reaching overhead bilaterally; and frequent gross handling and fine fingering bilaterally. In addition, the claimant should not work at unprotected heights, or around dangerous moving machinery or hazards. Further, the claimant should not work at occupations that would require driving.

(Tr. 19–26).

The ALJ found Plaintiff could not perform any of his past relevant work but, based upon the testimony of the VE, Plaintiff could perform the representative occupations of office cleaner or cafeteria attendant. (Tr. 26–27). The ALJ found Plaintiff was not disabled from June 1, 2021, through February 14, 2024, the date of the decision. (Tr. 28).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred by making conclusory statements in evaluating Plaintiff's symptoms without sufficient basis in the record, specifically with regard to Plaintiff's seizures; 2) whether the ALJ's decision was supported by substantial evidence; 3) whether the ALJ erred by failing to consider the combined effect of Plaintiff's impairments; and 4) whether the ALJ erred by failing to fully and fairly develop the record. (ECF No. 10). Defendant argues that the ALJ properly evaluated Plaintiff's seizure disorder, the ALJ's assessment was not conclusory but rather considered how Plaintiff's seizure disorder limited him and included limitations in the RFC to account for those limitations. (ECF

No. 12). Defendant argues the ALJ considered Plaintiff's impairments in combination, and that Plaintiff has failed to prove any additional limitations he claims should have been contained in the RFC. *Id*. Defendant argues the record did not require further development, and the ALJ properly considered the evidence of record with regard to all of Plaintiff's impairments. *Id*. Finally, Defendant argues that the ALJ's hypotheticals to the VE reflected the ALJ's properly formed and supported RFC findings. *Id*.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ carefully considered Plaintiff's treatment history, his function reports, and his testimony and appropriately weighed the evidence regarding the limitations his combined impairments would impose. The ALJ considered Plaintiff's testimony about his seizures, along with the other evidence of record and imposed limitations to account for those seizures. (Tr. 15, 18, 19–20, 24, 25–26). The ALJ considered and carefully weighed the medical opinions in the record, and reviewed sufficient evidence to make a decision without ordering a consultative examination. (Tr. 25–26). For the reasons stated in the ALJ's opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

IT IS SO ORDERED this 8th day of September 2025.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE